114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark KARMELICH, Plaintiff-Appellant,
v.
TRANSPORTACION MARITIMA MEXICANA S.A. de C.V.; Turbo
Maritime S.A. Panama; Compania Maritima Explorer,
S.A. Defendants-Appellees.
 No. 96-55291.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1997.
Decided May 29, 1997.
 
 Before: BROWNING, and SCHROEDER, Circuit Judges and RESTANI, Judge*.
 MEMORANDUM**
 The district court erred in holding that Seymour was not qualified to testify as to whether conditions at the site of the accident satisfied the Scindia turnover duty.
 Rule 702 "contemplates a broad conception of expert qualifications." Thomas v. Newton Internat'l Enterprises, 42 F.3d 1266, 1269 (9th Cir.1994). The fact that Seymour was not a stevedore and lacked hands-on experience with stevedoring does not mean that he did not possess sufficient knowledge to testify as to whether the vessel was in such condition that expert and experienced stevedores exercising reasonable care could carry on their operations with reasonable safety. Scindia Steam Navigations v. De Los Santos, 451 U.S. 156, 167 (1981). Seymour was a former cargo vessel master, staff naval architect for a cargo vessel shipping line for four years, chief naval architect for two different shipyards for a total of eleven years, and president of his own naval architectural firm for twenty-one years. Seymour stated that he had experience dealing with vessel safety regulations and had performed and observed vessel modifications made for safety reasons. He stated he was familiar with the vessel safety requirements for expert and experienced longshoremen, and that the hazards aboard the M/V TOLUCA created an unreasonable risk of harm for an expert and experienced stevedore. Seymour's knowledge of cargo vessel design provided him with general qualifications sufficient to testify to Scindia 's ultimate issue; any lack of particularized expertise would go only to the weight of his testimony. See U.S. v. Garcia, 7 F.3d 885, 890 (9th Cir.1993).
 The district court found Seymour's testimony relevant to "the question of whether the working conditions aboard the vessel were unreasonably dangerous," but nonetheless not relevant to the standard of care required of an experienced and expert stevedore. Seymour did not state that the working conditions on the vessel were unreasonably dangerous to the average person, but that they were unreasonably dangerous "for an expert and experienced stevedore." This statement can only be understood to mean that the individuals for whom the hazards were unreasonably dangerous were persons meeting the standard of care imposed on expert and experienced stevedores. The exclusion of Seymour's declaration was an abuse of discretion.
 Seymour's declaration created a material issue of fact as to whether the low, unmarked beam created an unreasonable hazard to an expert and experienced longshoreman working with reasonable care. Since there was a dispute on this material issue of fact, the district court erred in granting defendants' motion for summary judgment.
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3